IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| MEDITECH INCORPORATED, and JARI DAVIS,<br><br>                    Plaintiffs,<br><br>         vs.<br><br><br>360TRAINING.COM, INC.,<br><br>                    Defendant. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 1:14-cv-23-TC |

In September 2014, the court ordered the parties to arbitrate the case based on a binding arbitration provision in the Asset Purchase Agreement they executed in 2009. (See Sep. 30, 2014 Order on Pls.' Mot. Compel Arbitration ¶ 3, Docket No. 24; Pls.' Mot. Lift Stay & Enter Default J. at p. 2 ¶ 2 (citing Article VII of the Agreement), Docket No. 30.) The selected arbitrator, before beginning arbitration, directed each side to pay $2,500 as a down payment on arbitration fees (for a total of $5,000). Defendant 360Training.com refused to pay the $2,500, and the arbitrator cancelled the scheduled arbitration session.

Now Plaintiffs Meditech, Inc., and Jari Davis move the court for a motion to lift the stay that the court entered when ordering arbitration. They also ask the court to enter default judgment in their favor based on 360Training.com's refusal to take the step necessary to get the court-ordered process going. Before the court's hearing (but after the Plaintiffs filed their motion), 360Training.com offered to pay the $2,500, but the Plaintiffs rejected the offer because accepting it at that point would not make them whole. On August 29, 2016, the court held a hearing after meeting with counsel off the record. This order memorializes the ruling the court

delivered from the bench.

For the reasons set forth during the hearing and as set forth below, the Plaintiff's Motion to Lift Stay and Enter Default Judgment (Docket No. 30) is GRANTED IN PART AND DENIED IN PART. The court further finds and orders the following:

1.  As the arbitrator initially requested, each party shall pay $2,500 to the arbitrator to cover the arbitrator's initial fee of $5,000. The court recognizes that under the binding arbitration provision, the losing party will ultimately bear the costs of arbitration and will be required to reimburse the prevailing party for the $2,500 paid up front. But until then, the parties must split the cost.

2.  The court finds that 360Training.com violated the court's order to arbitrate by refusing to pay the $2,500 fee and effectively shutting down the arbitration proceedings. The court reiterates its order to the parties to arbitrate the issues that are subject to the arbitration provision. The court further finds that 360Training.com, by refusing to do as ordered, forced the Plaintiffs to unnecessarily incur attorney's fees to enforce the court order and the arbitration agreement. Accordingly, pursuant to the court's inherent authority,[1] the court hereby ORDERS 360Training.com to pay the reasonable attorney's fees and costs incurred by the Plaintiffs when

---

[1] See Beilue v. Int'l Bhd. of Teamsters, Local No. 492, 13 Fed. Appx. 810, 813 (10th Cir. 2001) ("When, as here, a litigant's conduct abuses the judicial process, imposition of sanctions in the form of an award of attorney fees and costs is a remedy provided for by law and within the inherent power of the court."); Dreiling v. Peugeot Motors of America, Inc., 850 F.2d 1373, 1382 (10th Cir. 1988) ("Despite the American rule that each party shall bear its own litigation expenses, federal courts possess the inherent authority to 'assess attorneys' fees . . . when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . .'") (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975)). See also Hall v. Cole, 421 U.S. 1, 15 (1973) ("'[B]ad faith' may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation.'") (internal citations omitted).

filing their motion and litigating the matter.[2]

      3.      The Plaintiffs are ordered to prepare a bill of fees and costs, along with supporting documentation, and file that with the court for consideration. 360Training.com has fourteen days from the date the Plaintiffs serve the documents to file an objection to particular costs or fees if it believes any of those fees and costs are not reasonable. Plaintiffs may file a reply no later than ten days after receipt of the objection, if any.

      4.      The court reimposes the stay pending completion of arbitration. But the court will resolve the attorney's fee award as a collateral matter.

DATED this 30th day of August, 2016.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge

---

[2]During the hearing, counsel for 360Training.com argued that because the court stayed the case pending arbitration, it does not have jurisdiction to order payment of attorney's fees. To the contrary, the court has jurisdiction and authority to enter such an order. First, the court lifted the stay to determine whether to grant the requested sanction of default. Second, the court does not lose jurisdiction upon granting such a stay. "A federal court's ruling on a motion to stay litigation pending arbitration is not dispositive of either the case or any claim or defense within it. Although granting or denying a stay may be an important step in the life of a case . . . , in the last analysis a stay order is merely suspensory." PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 14 (1st Cir. 2010). Finally, awards of attorney's fees are collateral issues that remain within the court's authority. See, e.g., Martens v. Thomann, 273 F.3d 159, 179 n.14 (2d Cir. 2001) (recognizing the need to retain jurisdiction "to regulate the parties' conduct by issuing sanctions"); Freaner v. Valle, 966 F. Supp. 2d 1068, 1091 (S.D. Cal. 2013) ("Although the Court previously referred the dispute arising out of the June 2008 Service Agreement to arbitration, the Court retains jurisdiction to remedy dilatory tactics employed by a party to the arbitration. The Court's all-important obligation to refrain from interfering in an ongoing arbitration proceeding does not preclude appropriate action to prevent a breakdown of the arbitral process.") (citing Morris v. Morgan Stanley & Co., 942 F.2d 648, 653 (9th Cir. 1991)).